120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali HAYATGHEYB, Plaintiff-Appellant,
v.
John J. CALLAHAN, Commissioner of Social Security, Defendant-Appellee.
 No. 96-16866.
 United States Court of Appeals, Ninth Circuit.
 July 17, 1997.**
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ali Hayatgheyb appeals the district court's grant of summary judgment for the Social Security Commissioner in his action seeking disability insurance benefits pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Hayatgheyb contends that the district court erred by finding that the administrative law judge's (the "ALJ") decision to deny his application was supported by substantial evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment upholding a denial of benefits. See Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). The decision of the Commission must be upheld if it is supported by substantial evidence and the Commissioner applied the correct legal standard. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (per curiam).
 
 
 4
 Hayatgheyb contends that summary judgment was not warranted because the ALJ disregarded his treating physician's opinion without stating specific, legitimate reasons. This claim lacks merit.
 
 
 5
 A claimant is disabled for purposes of social security disability benefits if he can establish that a medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity, and the impairment is expected to result in death or to last for a continuous one year period. See 42 U.S.C. § 423(d)(1)(A) (Supp.1997); see Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989). For purposes of 42 U.S.C. § 423(d)(1)(A), a claimant is unable to engage in substantial gainful activity if he cannot perform his previous occupational duties and, given his age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy. See 42 U.S.C. § 423(d)(2)(A)
 
 
 6
 In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. See Fair v. Bowen, 885 F.2d 597, 604-05 (9th Cir.1989). Therefore, the ALJ must state specific, legitimate reasons that are supported by substantial evidence, before disregarding the treating physician's opinion. See Flaten v. Secretary of Health and Human Serv., 44 F.3d 1453, 1463 (9th Cir.1995); Fair, 885 F.2d at 605. However, a treating physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ. See 20 C.F.R. § 404.1527. Historically, we have recognized conflicting medical evidence; the absence of regular medical treatment during the alleged period of disability; and the lack of medical support for doctors' reports that are based substantially on the claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. See Flaten, 44 F.3d at 1463-64; Fair, 885 F.2d at 604.
 
 
 7
 Here, the ALJ considered medical reports from Haytgheyb's treating physician and a consultative examiner, in addition to various MRI, surgery, and physical therapy reports. Although the physicians' medical diagnoses and exertional limitations findings were similar, the treating physician concluded that Hayatgheyb was totally disabled and unable to perform his previous work duties, whereas the consultative examiner did not make a specific finding regarding the ultimate issue of disability.
 
 
 8
 Upon review, the record shows that the treating physician's finding of total disability was inconsistent with (1) his prescribed treatment of exercise, weight loss, use of medication, and periodic office visits; (2) reports that Hayatgheyb had full range of motion throughout his body, excluding his back, and had no mental, sensory, or other physical impairments; and (3) Haytgheyb's admissions that he engaged in various physical activities on a regular basis. Additionally, the treating physician's diagnosis of spinal stenosis and nerve root impingement was uncorroborated by the consultative examiner's report and two of the three MRIs. Finally, the treating doctor's finding of total disability, although partially based on medical evidence, was substantially based on Haytgheyb's subjective opinion as to the degree of his disability.
 
 
 9
 The ALJ disregarded the treating physician's opinion because of conflicting medical evidence, inconsistent medical reports, Haytgheyb's testimony, infrequency of medical visits, and a determination that Haytgheyb's subjective complaints, upon which the doctor's report was substantially based, lacked credibility. Because there is substantial evidence to support the ALJ's finding that Hayatgheyb could perform his previous work or some other substantially gainful work, see 42 U.S.C. § 423(d)(2)(A), and because the ALJ articulated specific, legitimate reasons for disregarding the treating physician's opinion of disability, see Flaten, 44 F.3d at 1463, the district court did not err by granting summary judgment in favor of the Commissioner, see Andrews, 53 F.3d at 1039 n. 1.
 
 
 10
 Hayatgheyb also contends that the ALJ erroneously found that his subjective pain testimony was not credible. We disagree.
 
 
 11
 "Credibility determinations are the province of the ALJ." Fair, 885 F.2d at 604. Prior to discrediting a claimant's subjective pain testimony, an ALJ must make specific findings to justify the rejection. See id. at 602. An ALJ cannot reject excessive pain testimony merely because it is unsupported by objective medical evidence. See id. Inquiries into a claimant's daily activities, adherence to prescribed treatment, and diligence in obtaining medical relief for the described pain, are relevant when determining justifiable reasons for rejecting subjective pain testimony. See Fair, 885 F.2d at 603.
 
 
 12
 Here, Hayatgheyb testified that he suffers from persistent severe back pain that requires him lay down approximately 80% of the time, take prescription and over-the-counter medication on a regular basis, and can only be relieved through a surgical procedure. During the same hearing, Hayatgheyb testified that his daily and weekly activities include cleaning his bed, reading computer literature, watching television, talking on the telephone, visiting with friends at his apartment for up to three hours, visiting with friends at their homes for four to five hours, driving a stick shift, and visiting social clubs on special occasions. Hayatgheyb also stated that he had gained weight, not exercised in approximately three months, and stopped smoking just prior to the hearing, despite his doctor's repeated advice to lose weight, exercise, and stop smoking.
 
 
 13
 The ALJ rejected Haytgheyb's subjective pain testimony on the grounds that he remained gainfully employed for approximately four years following back surgery in 1988; was formerly employed in an intellectual position that required minimal physical exertion; was capable of performing intellectual and minimal physical tasks; and had conscientiously disregarded the doctor's prescribed treatment. Because the ALJ made sufficient inquiries into Haytgheyb's daily routine and medical and work history, see Fair, 885 F.2d at 603, and made specific findings to justify her rejection of his pain testimony, see id. at 602, the district court did not err by upholding the ALJ's findings, see Morgan, 945 F.2d at 1080.
 
 
 14
 Finally, Hayatgheyb contends that the ALJ applied the wrong legal standard because she failed to apply the seven factors set forth in Social Security Rule 88-13 to his complaints of pain. We disagree for the reasons stated in the district court order filed on August 29, 1996.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3